JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert J. Rohrbaugh, Sr. 60 Warner Road, Hubbard Ohio 44420

**DEFENDANTS**
RSR Property Group, LLC, Pizza Joes, Kirkmere Dry Cleaners
2000 Canfield Rd. Youngstown, Ohio 44511

(b) County of Residence of First Listed Plaintiff: Trumbull
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Mahoning
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert J. Rohrbaugh, II
3200 Belmont Ave., Ste. 6
Youngstown Ohio 44505  330-781-0250

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
12101
Brief description of cause:
violation of disability act, buildings not in compliance

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 6/11/18 | /s/Robert J Rohrbaugh, II |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check <u>one category only</u>).

1. [✓] General Civil
2. [ ] Administrative Review/Social Security
3. [ ] Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.** <u>RELATED OR REFILED CASES</u>. See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is RELATED to another PENDING civil case [ ] is a REFILED case [ ] was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.** In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
<u>COUNTY</u>: Mahoning

<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
<u>COUNTY</u>:

(3) **Other Cases.** If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
<u>COUNTY</u>:

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

<u>EASTERN DIVISION</u>

[ ] AKRON (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[ ] CLEVELAND (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[✓] YOUNGSTOWN (Counties: Columbiana, Mahoning and Trumbull)

<u>WESTERN DIVISION</u>

[ ] TOLEDO (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT J. ROHRBAUGH SR. | : | |
| 60 WARNER RD | : | **CASE NO.** |
| HUBBARD, OHIO 44425 | : | |
| | : | **JUDGE** |
| Plaintiff | : | |
| -v- | : | |
| RSR PROPERTY GROUP LLC. | : | |
| 2000 CANFIELD RD. | : | |
| YOUNGSTOWN OHIO 44511 | : | **COMPLAINT** |
| Defendant | : | **JURY DEMAND** |
| | : | |
| PIZZA JOES | : | |
| 2000 CANFIELD RD. | : | |
| YOUNGSTOWN OHIO 44511 | : | |
| Defendant | : | |
| | : | |
| KIRKMERE DRY CLEANERS | : | |
| 2000 CANFIELD RD. | : | |
| YOUNGSTOWN OHIO 44511 | : | |
| Defendant | : | |

Now comes Robert J. Rohrbaugh Sr., ("Plaintiff") by and through his undersigned counsel Attorney Robert J. Rohrbaugh II, and alleges as follows:

### INTRODUCTION

1. Plaintiff, brings this action against RSR PROPERTY GROUP LLC., PIZZA JOES, and KIRKMERE CLEANERS ("Defendants"), alleging violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations as well as Ohio Revised Code Section 4112.02;

2. Plaintiff is a wheelchair bound quadriplegic . He brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, wheelchair bound quadriplegic individuals. Specifically, Defendant's sole means of ingress and egress are completely inaccessible to Plaintiff and other wheelchair bound individuals. Therefore, Plaintiff seeks a declaration that Defendants ingress and egress violate federal law as described and an injunction requiring Defendants to update or replace their means of ingress and egress so that they are fully accessible to, and independently usable by, wheelchair bound quadriplegic individuals. Further, as noted below, Plaintiff seeks statutory damages as permitted by Ohio law. Plaintiff also requests that once Defendants are fully in compliance with the requirements of the ADA and Ohio Revised Code Section 4112.02, the Court retain jurisdiction for a period of time to be determined to ensure that Defendants have adopted and are following an institutional policy that will, in fact, cause Defendants to remain in compliance with the law.

**THE ADA AND ITS IMPLEMENTING REGULATIONS**

3. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

4. The ADA broadly protects the rights of individuals with disabilities with respect

To employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

5. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

6. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.1

7. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

8. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with Disabilities.

9. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

10. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010

Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.3

## THE OHIO CIVIL RIGHTS COMMISSION AND THE OHIO ACCESSIBILITY STANDARDS

11. On July 6, 2001 the State of Ohio passed laws under section 4112.02 of the Ohio Revised Code as amended April 6, 2017, and Section 3781.111 enacted March 17, 2000 and amended April 20, 2012, in an effort to eliminate, to the extent possible, unnecessary barriers encountered by persons with disabilities.

12. R.C. Section 4112.02 was made applicable to individuals with disabilities, as defined in R.C. Section 4112.01(13) as "Disability" means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment.

13. R.C. 4112.02(20) provides it shall be an unlawful discriminatory practice to fail to comply with the standards and rules adopted under division (A) of section 3781.111 of the Revised Code;

14. R.C. 3181.111(B)(1) provides that the standards and rules adopted by the board pursuant to this section shall be in accordance with the "Americans with Disabilities Act of 1990," 104 Stat. 327, 42 U.S.C.A. 12101, as amended, and the "Fair Housing Amendments Act of 1988," 102 Stat. 1619, 42 U.S.C.A. 3601, as amended.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

16. This Court has supplemental jurisdiction over the state laws claims asserted herein pursuant to 28 U.S.C. § 1367(a).

17. Plaintiff's claims asserted herein arose in this judicial district and Defendants owns real property and/or engage in substantial business in this judicial district.

18. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

19. Plaintiff, Robert J. Rohrbaugh Sr., is and, at all times relevant hereto, was a resident of Trumbull County, Ohio, which county is situated in the Northern District of Ohio. Plaintiff is and, at all times relevant hereto, has been a wheelchair bound quadriplegic and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2); the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.; O.R.C. Section 4112.02.

20. Upon information received, Defendant, RSR Property Group LLC, is a limited liability company organized pursuant to the laws as they exist in the State of Ohio the United States of America, doing business in the State of Ohio as a lessor of business retail space and is headquartered at 2000 Canfield Rd., Youngstown, Ohio which is situated in the Northern District of Ohio. Defendant is a public accommodation pursuant

to 42 U.S.C. 12181(7)(F) and a place of public accommodation pursuant to R.C. 4112.01(9).

21. Defendant, Pizza Joes operates a restaurant in the retail plaza located at 2000 Canfield Rd., Youngstown, Ohio. Defendant is a public accommodation pursuant to 42 U.S.C. 12181(7)(F) and a place of public accommodation pursuant to R.C. 4112.01(9).

22. Defendant, Kirkmere Cleaners operates a dry cleaning business at the retail plaza located at 2000 Canfield Rd., Youngstown, Ohio. Defendant is a public accommodation pursuant to 42 U.S.C. 12181(7)(F) and a place of public accommodation pursuant to R.C. 4112.01(9).

## VIOLATIONS AT ISSUE

23. On or about February 1, 2017 and for a period of time thereafter, Plaintiff visited Defendants retail plaza and business establishments location at 2000 Canfield Rd., Youngstown, Ohio.

24. At the time of the visit, the Plaintiff was unable to access either of the business entities located in the retail plaza as concrete barriers and steps prevented him to approach the doors to said retail establishments and further, open the door providing the sole means of ingress and egress as they are not fully accessible to, and independently usable by, individuals in wheelchairs, in that said doors require manual operation unable to be performed by individuals who are wheelchair bound.

25. As a result of Defendants non-compliance with the ADA, Plaintiff, unlike persons without impairment, cannot independently use or access either of the retail business entities located within Defendant's retail plaza and business establishments.

26. Defendants non-compliance threatens wheelchair bound individuals with the loss of their ability to engage in banking services readily available to unimpaired individuals.

27. As a result of Defendants non compliance with R.C. Section 4112.02(20) which requires places of public accommodation to comply with R.C. 3781.111 which requires the building housing a place of public accommodation to comply with the ADA, Plaintiff, has been unable to independently access Defendant's bank, thus, being denied the use of its services.

28. When Plaintiff visited Defendants retail plaza and business establishments, he wanted the opportunity to avail himself of the the retail establishments located in Defendants retail plaza.

29. As a wheelchair bound individual, Plaintiff has a keen interest in whether public accommodations that offer banking services are fully accessible to, and independently usable by, those in wheelchairs.

30. Plaintiff intends to return to Defendants retail plaza and business establishments and to ascertain whether they remain in violation of the ADA.

31. Plaintiff, asserts that the removal of the architectural barriers in place preventing him from accessing and independently using Defendants retail plaza and business establishments are readily achievable through the installation of accessible door hardware and ramps.

32. Without injunctive relief, Plaintiff will continue to be unable to independently use Defendants retail plaza and business establishments in violation of his rights under the ADA.

# FIRST CAUSE OF ACTION For Violation Of The ADA, 42 U.S.C. § 12101 et seq.

**(On Behalf of Plaintiff and the Members of the Rule 23(b)(2) Class)**

**Against all Defendants Collectively**

33. Plaintiff, re-alleges the allegations contained in the previous paragraphs herein and hereby incorporates them by reference.

34. Defendants collectively have discriminated against Plaintiff and the Rule 23(b)(2) Class in that they have failed to make the retail plaza and individual business locations fully accessible to, and independently usable by, individuals who are wheelchair bound in violation of 42 U.S.C. § 12182(a) and Section 707 of the 2010 Standards, as described above.

35. Defendants collectively have discriminated against Plaintiff in that they have failed to provide a means of ingress and egress that is fully accessible to, and independently usable by, individuals who are wheelchair bound in violation of 42 U.S.C. § 12182(b)(2)(A)(iii) and Section 707 of the 2010 Standards, as described above. Providing the ingress and egress accessibility and services mandated by the ADA and Section 707 of the 2010 Standards would neither fundamentally alter the nature of Defendants business services nor result in an undue burden to Defendants collectively.

36. Defendants conduct is ongoing, and, given that Defendants have not complied with the ADA's requirements that public accommodations make their facilities fully accessible to, and independently usable by, wheelchair bound individuals, notwithstanding that

those requirements have been in place since 1991, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorney's' fees.

37. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period of one year after the Defendants certify that they are fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendants non-compliance with the ADA's requirements that its retail plaza and business facilities be fully accessible to, and independently usable, by wheelchair bound individuals is likely to recur.

## SECOND CAUSE OF ACTION

**Violation Of The Ohio R.C. Section 4112.02**

**OHIO**

**Against all Defendants Collectively**

38. Plaintiff, re-alleges the allegations contained in the previous paragraphs herein and hereby incorporates them by reference.

39. "Place of public accommodation" means any inn, restaurant, eating house, barbershop, public conveyance by air, land, or water, theater, store, other place for the sale of merchandise, or any other place of public accommodation or amusement of which the accommodations, advantages, facilities, or privileges are available to the public. R.C. 4112.01(9).

40. Defendant, RSR Property Group LLC owns or operates a retail plaza which is a place of public accommodation as defined by R.C. Section 4112.01(9) .

41. "Disability" means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment. R.C. 4112.01(13)

42. Defendant, is wheelchair bound individual with a disability as defined by R.C. 4112.01.

43. Defendant Unlawfully discriminated against Plaintiff, by failing to render their facility accessible for his use and enjoyment.

44. Defendant, Pizza Joes operates a restaurant business of public accommodation in the retail plaza identified herein;

45. Defendant Kirkmere Dry Cleaners, operates a dry cleaning business of public accommodation in the retail plaza identified herein;

46. As the natural, direct, and proximate result of Defendants collective unlawful discriminatory practices Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants took no action to ensure that their facilities were fully accessible to, and independently usable by, wheelchair bound individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendants to take all steps necessary to brings their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that their facilities are fully accessible to, and independently usable by, wheelchair bound individuals, specifically including at least one right of ingress and egress set forth in Section 707 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period of one year after Defendant's certify that their facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendants have adopted and are following an institutional policy that will in fact cause Defendants to remain in compliance with the law;

c. An award to Plaintiff pursuant to R.C. 4112.05, of actual damages, reasonable attorney's fees, court costs incurred in the prosecution of the action, expert witness fees, and other litigation expenses, and punitive damages against, Defendant's RSR Property Group LLC, Pizza Joes, and Kirkmere Dry cleaners jointly and severally.

Respectfully Submitted,

/s/Robert J. Rohrbaugh, II
Robert J. Rohrbaugh, II (0071668)
3200 Belmont Ave., Ste. 6
Youngstown, Ohio 44505
330-781-0250  fax 330-783-5552
robert@rjrlawoffice.com

## JURY DEMAND

Plaintiff hereby requests a Jury in this matter if it proceeds to trial.

/s/Robert J. Rohrbaugh, II

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District ▼

Robert J. Rohrbaugh, Sr. )
)
*Plaintiff* )
)
v. ) Civil Action No. 4:18 CV 1322
RSR Property Group, LLC )
Pizza Joes, Kirmere Dry Cleaners )
)
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Kirkmere Dry Cleaners
2000 Canfield Rd.
Youngstown, Ohio 44511

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Robert J. Rohrbaugh, II, LLC
3200 Belmont ave., Ste. 6
Youngstown, Ohio 44505

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District

Robert J. Rohrbaugh, Sr.

*Plaintiff*

v.

RSR Property Group, LLC
Pizza Joes, Kirmere Dry Cleaners

*Defendant*

Civil Action No. 4:18 cv 1322

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* PIZZA JOES
2000 Canfield Rd.
Youngstown, Ohio 44511

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Robert J. Rohrbaugh, II, LLC
3200 Belmont ave., Ste. 6
Youngstown, Ohio 44505

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District ▼

Robert J. Rohrbaugh, Sr. )
)
*Plaintiff* )
)
v. ) Civil Action No. 4:18 cv 1322
RSR Property Group, LLC )
Pizza Joes, Kirmere Dry Cleaners )
)
*Defendant* )

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* RSR Property Group, LLC
2000 Canfield Road
Youngstown, Ohio 44511

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Robert J. Rohrbaugh, II, LLC
3200 Belmont ave., Ste. 6
Youngstown, Ohio 44505

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____          _____
                                                                        *Signature of Clerk or Deputy Clerk*