UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT J. ROHRBAUGH SR. ) | CASE NO. 4:18 CV 1322 |
| ) | |
| ) | JUDGE BENITA PEARSON |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| RSR PROPERTY GROUP, LLC, et al. ) | CONSENT DECREE |
| ) | |
| ) | |
| Defendants ) | |

I. Introduction

1. This case is before this Court for entry of a Consent Decree agreed upon by Plaintiff and Defendant RSR Property Group, LLC. aka R.S.R. Properties Group, LLC ("RSR").

2. Plaintiff brought this action under Title III of the American with Disabilities Act, 42 U.S.C., §12101, et. seq. and its implementing regulations (collectively "ADA") as well as Ohio Revised Code Section 4112.02

3. RSR is owner of a retail plaza known for street numbering purposes as 2000 Canfield Rd., Youngstown, Ohio and the real property upon which it is situated (the "Premises").

4. Among other things, Plaintiff alleges in its Amended Complaint that RSR has discriminated and continues to discriminate against Plaintiff and other individuals with disabilities by failing to make the retail plaza business establishments readily accessible to and usable by persons with disabilities in violation of the ADA and state law. The Amended Complaint is incorporated herein by reference.

5. RSR denies the allegations of the Amended Complaint and has asserted certain affirmative defenses and by entering into this Consent Decree does not admit any wrongdoing. The Answer of Defendant RSR is incorporated herein by reference.

II. Parties

6... Plaintiff Robert J. Rohrbaugh, Sr. a wheelchair bound quadriplegic and a member of a protect class under the ADA and state law.

7. RSR Property Group, LLC, an Ohio limited liability company, the owner of the Premises.

8. Pizza Joes and Kirkmere Dry Cleaners, two tenants of the Premises, were previously party defendants but have been dismissed as parties by this Court.

III.     Jurisdiction and Venue

9. This Court has federal question jurisdiction over the ADA claims asserted pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12188 and supplemental jurisdiction pursuant to 42 U.S.C. §1367(a).over the state law claims asserted

10. Venue is proper in this district under 28 U.S.C. §1391.

IV.     Agreed Resolution

11. The Parties agree it is in their best interests and, the Court finds that it is in the public interest, to resolve this case by entry of this Consent Decree. Accordingly, the Parties stipulate and agree to enter this Consent Decree in full resolution of all claims of the Amended Complaint.

12. This Court finds that the alterations of the Premises by RSR as shown on Exhibit A, attached hereto and incorporated herein, will render the retail business facilities of the Premises in full compliance with the requirements set forth in the ADA, and its implementing regulations, by providing a right of ingress and egress to those facilities that is readily accessible to, and independently usable by, wheelchair bound individuals.

It is therefore, hereby ORDERED, ADJUDGED AND DECREED as follows:

A. Within one (1) year of the entry of this Consent Decree ("Alteration Time Period"), RSR shall complete in a good and workman like manner the alterations of the Premises as set forth in Exhibit A. RSR shall bear the costs of such alterations.

B. It is a violation of this Consent Decree for RSR to fail to comply in a timely manner with such alteration of the Premises.

C. No damages or other monetary relief are due Plaintiff and no damages or other monetary relief shall be paid by RSR in any manner whatsoever.

D. Each Party shall be responsible for its own costs, expenses and attorney fees.

E. The Alteration Time Period may be extended by the mutual written consent of the Parties or by this Court upon a showing of good cause.

F. This Consent Decree, including Exhibit A, is the entire agreed order between the Parties and no other statement, promise or agreement, wither written or oral, made by either Party or any agent, employee, attorney or other representative will be enforceable.

G. This Consent Decree will remain in effect until the alterations referenced in Exhibit A are complete as certified in writing by the architect who prepared Exhibit A or some other architect of that firm if that architect is not available.

H. This Consent Decree is binding upon and inures to the benefit of the Parties and their respective heirs, executors, administrators, fiduciaries and successors in interest. .

I. The Amended Complaint and all claims are hereby dismissed with prejudice.

J. Except for the obligations of RSR under this Consent Decree, RSR and any Person acting in active concert or participation with it and their respective heirs, executors, administrators, fiduciaries, successors, assigns, parent, related, subsidiary and affiliated entities, officers, directors, shareholders, members, managers, partners, tenants, contractors, vendors, insurers, employees, agents, servants and attorneys, whether past or present, and predecessors, are hereby released and discharged from any and all claims, demands, damages, liabilities, actions, arbitral matters, administrative proceedings, causes of action and suits at law and in equity of any and every kind, nature and character whatsoever of Plaintiff and his heirs, executors, administrators, successors and assigns, arising out of or related to the Premises, regardless of whether or not such matters were asserted or could have been asserted in this lawsuit. "Person" as used in this Agreement means any natural person, trust, estate, partnership, limited liability company, corporation, or any incorporated or unincorporated organization, association, or entity.

K. The Parties agree that they shall not disparage each other whether to any current or former tenant of the Premises, employees of any tenant, the press, general public, media, or any other Person. The Parties also agree not to authorize any Person to make any disparaging statements about the other or to defame them to any Person.

L. This Court shall retain continuing and exclusive jurisdiction for the duration of this Consent Decree to enforce its terms. Either Party may apply to this Court for such further orders as may be necessary for, or consistent with, the enforcement of this Consent Decree including, without limitation, an extension of the Alteration Time Period as above-indicated; provided however, if either Party reasonably believes that this Consent Decree or any portion of it has been violated, such party shall give notice (including reasonable particulars) of such violation to the other party with a copy to its counsel. The other party must respond to such notice no later than fifteen (15) days thereafter. The Plaintiff and RSR shall negotiate in good faith in an attempt to resolve any dispute relating to the alleged violation. If the parties are unable to reach a mutually acceptable resolution, the either party may seek court enforcement of compliance with this Consent Decree. Should the alleged violation consist of RSR's failure to complete the alterations described on Exhibit A within the Alteration Time Period, or any extension thereof granted by Plaintiff or this Court, Plaintiff (after exhausting the resolution process described in this paragraph) may move this Court to impose any remedy authorized by law to complete the alterations in accordance with Exhibit A, and an award of reasonable attorney's fees that may

have been occasioned by that failure to complete but, the Court may not award damages or any penalty for the failure to complete.

M.  Each attorney signing below certifies to the other counsel and this Court that: his client has read this Consent Decree and that counsel has reviewed and explained this Consent Decree to his respective client; and, that his client has knowingly and voluntarily granted counsel the full power and authority to sign this Consent Decree and submit it to this Court for approval and entry.

_____
JUDGE

Dated:_____

Approved and Submitted by:

_____
Robert J. Rohrbaugh, II ( 0071668)
Robert J. Rohrbaugh II, LLC
Attorney for Plaintiff

_____
Michael P. Marando (0000128)
Pelini, Campbell & Williams, LLC
Attorney for Defendant

Exhibit A

